UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

| | | |
|---|---|---|
| RICHARD HARDIN | ) | |
| | ) | |
| Plaintiff | ) | Civil Action No. 0: 08-103-HRW |
| | ) | |
| V. | ) | |
| | ) | |
| RANDY BINION, ET AL. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants | ) | |

\*\*\*\*  \*\*\*\*  \*\*\*\*

On August 15, 2008, Plaintiff Richard Hardin ("Hardin") initiated this proceeding by filing a document captioned as "Civil; 18 U.S.C. Sec. 1341-1343 Criminal Complaint with a Jury Demand..." [DE 2]  In the body of the Complaint, Hardin indicated that "[t]his is a Complaint pursuant to 18 U.S.C. Sec. 1341, 1343(B) sec. 371, statutory provisions, 18 U.S.C. sec. 201 (b)(1)(2), 872, 1951 sec. 2c1.7 and 2c1.7(b)(2)(a)..."  He further explained that he sought a declaratory judgment, injunctive relief, and compensatory and punitive damages against the defendants for alleged violations of state law arising out of the conditions of his confinement at the Carter County Detention Center.

On August 28, 2008, the Court entered an Order regarding a number of preliminary matters which characterized Hardin's Complaint as asserting civil rights claims pursuant to 42 U.S.C. § 1983.  [DE 6]  On September 4, 2008, Hardin filed a response to that Order in which he objected to the characterization of his Complaint as a civil rights action, and re-asserted that he wished to pursue his claims as criminal matters against the named defendants.  [DE 7]

On September 12, 2008, the Court entered an Order granting Hardin's motion to proceed

without prepayment of the filing fee, and addressing his objection to the re-characterization of the Complaint. [DE 9] In that Order, the Court explained that the claims in his Complaint were re-characterized as civil rights claims because Hardin's attempt to assert criminal charges against the defendants would require dismissal of his Complaint. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). However, to afford Hardin the authority to proceed as he wishes, the Court directed Hardin to file an election into the record on how his claims should be characterized, and explained the consequences of each choice.

On September 25, 2008, Hardin filed his Response with the Court. [DE 10] In it, Hardin asserts that "this is still a Criminal Complaint" and "if this Court elects to dismiss my case for filing a wrong statute, then this is a notice of appeal..."

Consistent with the Court's explanation of the consequences of this election in its September 12, 2008 Order [DE 9], the Court will dismiss Hardin's Complaint for failure to state a claim on the ground that he lacks standing to assert violations of criminal statutes. *United States v. Oguaju*, 76 F.App'x 579, 581 (6th Cir. 2003) (district court properly dismissed defendant's claim filed pursuant to 18 U.S.C. §§ 241 and 242 because he had no private right of action under either of those criminal statutes).

Hardin is further advised that if he wishes to appeal the dismissal of his action, he must file a "new" notice of appeal with this Court *after* this Memorandum Opinion and Judgment are entered, because a notice of appeal filed before the Judgment appealed from is not effective to perfect an appeal under Federal Rule of Appellate Procedure 4.

Accordingly, **IT IS ORDERED** that:

1. Hardin's Complaint [DE 2] is **DISMISSED WITH PREJUDICE.**

2. The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

This October 1, 2008.

Signed By:
*Henry R Wilhoit Jr.*
United States District Judge